IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK JOINER and ELEANOR JOINER ) ) ) Plaintiffs, ) ) v. ) ) BAYROCK MORTGAGE COPERATION, ) 1ST CONTINENTAL MORTGAGE, INC., and ) PLESKA & DOUGLAS, LLC, ) ) Defendants. ) | CASE NUMBER: 08-429  JURY TRIAL DEMANDED |

## COMPLAINT

1.  NOW COME the Plaintiffs and as their Complaint against Defendants BAYROCK MORTGAGE CORPORATION ("Bayrock"), 1ST Continental Mortgage, Inc., ("Continental") and PLESKA & DOUGLAS, LLC. ("Pleska")

## JURISDICTION

2.  This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

3.  These claims arise from a real estate loan transaction resulting in mortgage upon Plaintiffs' home in Baldwin County, Alabama. Specifically, Plaintiffs' claims against Defendant Bayrock arise under the federal Truth in Lending Act ("TILA"), 15 U.S.C. S 1601 et seq. They also assert claims against Bayrock, Continental and Pleska under the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et seq. The true costs associated with the loan were never disclosed to Plaintiffs and Bayrock is liable for damages for the failure to properly disclose those costs. RESPA claims are made against Bayrock for paying a kickback to Continental for

the referral by Continental of the Plaintiffs' loan at an above "par rate."[1] Also, many of the fees charged incident to the federally related loan closing were padded and duplicative.

## THE PARTIES

4. Plaintiffs are both individuals of full age of majority and are resident citizens of the State of Alabama.

5. Continental is a mortgage broker or "middleman."

6. Pleska acted as settlement agent for Bayrock regarding the loan at issue.

7. Bayrock is engaged in the originating, holding and selling of federally related mortgage loans. Bayrock does business in this district by making, holding and selling mortgages loans on real property within this district. Bayrock is a corporation with its principal place of business in Georgia and its principle address is 11575 Great Oaks Way, Suite 300, Alpharetta, GA 30022.

## FACTUAL ALLEGATIONS

8. On or about July 21th 2007, Plaintiffs obtained a non-purchase real estate mortgage loan from Bayrock and brokered through Continental. Bayrock is a residential mortgage lender.

9. Continental did not close or fund the loan but simply took Plaintiffs' loan application, charged them exorbitant broker and processing fees, and referred the loan to Bayrock in exchange for a kickback.

10. Plaintiffs granted Bayrock a security interest in real estate which is used by them as their principal dwelling.

11. The loan was closed by Pleska, a settlement agent.

---

[1] The "par rate" refers to the rate at which the lender will fund 100% of a loan with no premiums or discounts to the broker.

12.     Bayrock was required to provide Plaintiffs certain disclosures pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., (TILA) and its implementing regulations (Reg. Z).

13.     Under TILA and Reg. Z, Bayrock was required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the loan.

14.     Various fees charged incident to the extension of credit to Plaintiffs were illegal, unearned or padded and therefore not bona fide or reasonable.

15.     Plaintiffs' disclosures reflect that they paid over $22,000.00 in closing costs associated with their loan. These costs included at least the following fees, all required by the lender and paid at closing:

-A fee paid to Continental in the amount of $6,051.00 for "Mortgage Broker Fee,"

-A fee paid to Bayrock in the amount of $1,245.00 for "Admin Fee."

- A fee, paid to Bayrock, of $1,100.00 for "Processing Fee,"

- A fee, paid to Bayrock, of $50.00 for "Courier Fee,"

- A fee, paid to Nations, of $850.00 for "Settlement or closing fee"

- A fee, paid to Nations, of $200.00 for "Postclos/File Maint"

- A fee, pad to Nations, of $425.00 for "Courier/Rec/Doc/ Prep".

- A fee, paid to Bayrock, of $80.00 for "Wire fee,"

- A fee, paid to an undisclosed recipient, of $103.50 for "Recording Fees,"

- A fee of $14,137.50 paid to Continental for "YSP" or kickback.

16.     Under TILA and Reg. Z, "real estate related fees" may be *excluded* from the calculation of the finance charge only if such charges are bona fide and reasonable. Otherwise, they are finance charges which must be disclosed as such. Reg. Z, § 226.4(c)(7).

17.     Many of the fees enumerated above were duplicative, unearned and padded in violation of RESPA and as such they are fees for other than services rendered.

18.     Charges for fees associated with the recording of mortgages may be excluded from the computation of finance charge only to the extent actually paid to the governmental entity. If those charges exceed the amount actually paid to record the mortgage, then they are finance charges and must be disclosed as such. 15 U.S.C. § 1605(d).

19.     Assuming any of the charge of $103.50 imposed upon the Plaintiffs as a "recording fee" actually paid to a recording office for recording; the fee was padded and exceeded the amount charged by the probate office for the recording. Because the recording fee charge exceeds the fee actually paid to record the mortgage, it was a finance charge and should have been disclosed as such.

20.     Other charges incident to the extension of the credit were not bona fide or reasonable because the charges was marked up or padded in violation of RESPA. These title-related services were provided through third party companies hired by Bayrock and/or its closing agent, Pleska. The third parties that actually performed the title related services were paid amounts less than the amounts paid by the Plaintiffs. The difference was collected as a fee incident to the extension of credit and should have been disclosed as a finance charge.

21.     The TILA disclosures provided to the Plaintiffs in connection with their loan understated the finance because of the misallocation of charges incident to the extension of the credit.

22.     This misallocation of items that should have been *included* in the finance charge also resulted in an understatement of the Annual Percentage Rate ("APR").

23.     Because of the understatement of the finance charge and/or the APR Plaintiffs have retained an extended right to rescind the transaction pursuant to 15 U.S.C. § 1635.

24.     Continental collected a total of $20,188.50 ($6051+$14137.50=$20,188.50) in connection with its involvement in the instant transaction.

25.     Continental collected unearned fees in connection with the instant transaction including but not limited to the YSP[2] paid to Continental by Bayrock.

26.     The YSP paid to Continental by Bayrock was an unearned kickback because the total compensation paid to Continental was not reasonable in light of any services that it may have performed.

27.     The YSP was duplicative and could not have bee earned because Continental performed no service for that fee and it had already been over compensated by the other fees that it charged.

28.     The YSP was an unearned kickback paid to Continental by Bayrock for the referral of a loan with an above par rate.

29.     Bayrock paid and Continental received a YSP (kickback) in connection with the referral of Plaintiffs' loan to Bayrock.

30.     At least the following fees collected by Pleska were marked-up, padded, duplicative and/or unearned[3]:

   ➢     $850 for "Settlement or closing fee,"

---

[2] A yield spread premium ("YSP") is "a payment made by a [mortgage] lender to a [mortgage] broker in exchange for that broker's delivering a mortgage that is above the 'par rate' being offered by the lender." *1264 *Heimmermann v. First Union Mortgage Corp.,* 305 F.3d 1257, 1259 (11th Cir.2002).
[3] The term "unearned" as used herein means that no service was provided.

- $200 for "Postclos/File Maint,"
- $425 for "Courier/Rec/Doc/ Prep,"
- $103.50 for "Recording Fees,"

## COUNT I

### TILA VIOLATIONS

31. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

32. This count asserts claims against Defendant Bayrock for TILA violations and rescission.

33. The disclosures issued by Bayrock with respect to the Plaintiffs' loan violated the requirements of TILA and Reg. Z by failing to include in the finance charge certain charges imposed listed above and payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. §1605 and Reg. Z § 226.18. Such amounts should have been included in the finance charge disclosed to Plaintiffs.

34. Bayrock is a "creditor" within the meaning of TILA, 15 U.S.C. § 1602(f).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Bayrock and, pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. §1640(a);

B) Actual damages in an amount to be determined at trial;

G) An award of reasonable attorney fee and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

## COUNT II

### RESPA VIOLATIONS OF BAYROCK AND CONTINENTAL

35. Plaintiffs reallege all the relevant preceding allegations referenced as if set out here in full.

36. This is a count against Bayrock and Continental only.

37. Plaintiffs' loan is a federally related mortgage loan within the meaning of RESPA.

38. Bayrock and Continental violated RESPA by paying or receiving unearned fees, kickbacks or other things of value (including "Yield Spread Premiums" and the like) pursuant to an agreement or understanding that business incident to or a part of a real estate settlement service involving "federally related mortgage loans" would be referred to Bayrock by Continental.

39. Both Continental and Bayrock charge unearned fees or fees for other than services rendered.

40. Pursuant to 12 U.S.C. §2607(d)(2), Plaintiffs are entitled to recover, and they hereby seek to collect, from the defendants an amount equal to three times the amount of any and all charges for unearned fees and "Yield Spread Premium" paid directly or indirectly by Plaintiffs (including any POC amounts such as "Yield Spread Premium" or the like), as well as any and all other amounts or damages allowed to be recovered by RESPA.

WHEREFORE, Plaintiffs demand judgment against Continental and Bayrock for an amount equal to three times the amount of any and all charges for any "Yield Spread Premium" paid directly or indirectly by the Plaintiffs, attorney's fees, costs and for such other relief and award to which Plaintiffs may be entitled, or as determined just and appropriate by this court.

## COUNT III

### CLAIMS FOR VIOLATIONS OF RESPA BY PLESKA

41.     Plaintiffs reallege all the relevant preceding allegations by reference as if set out here in full.

42.     This is a count against Pleska for paying or receiving unearned fees.

43.     Pleska received unearned fees incident to each of the charges enumerated in paragraph 29 above.

44.     Services were provided for some of these charges by other parties and not Pleska.

45.     Pleska was required by RESPA and TILA to itemize these charges and list each person who was paid regarding the Plaintiffs' transaction.

46.     Pleska did not list the third parties that actually performed the services as required and did not disclose any recipient for the charges but instead erroneously and falsely listed the each charge as payable to itself thereby concealing the unearned up-charge or mark-up of services provided by others.

WHEREFORE, Plaintiffs demand judgment against Pleska for an amount equal to three times the amount of any and all charges for any illegal "settlement services" paid directly or indirectly by the plaintiffs, attorney's fees, costs and for such other relief and award to which Plaintiffs may be entitled, or as determined just and appropriate by this court.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ Earl P. Underwood,Jr,
EARL P. UNDERWOOD, JR. (UNDEE6591)
Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile:  251.990.0626
E-mail: jpatterson@alalaw.com
E-mail: epunderwood@alalaw.com
