IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDERICK JOINER,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION 08—00429-CG-B |
| | : | |
| v. | : | |
| | : | |
| **BAYROCK MORTGAGE CORPORATION,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This case is before the Court on review. In an Order dated October 3, 2008 (Doc. 20), Defendant Bay Rock Mortgage Corporation (hereinafter "Bay Rock") was granted leave to retain new counsel after its former attorneys were permitted to withdraw. Bay Rock was advised that because corporations are prohibited from appearing in federal court without counsel, see e.g. Palazzo v. Gulf Oil Company, 764 F. 2d 1381, 1385 (11th Cir. 1985), it had to retain new counsel. Bay Rock was directed to retain new counsel by November 3, 2008 or face a default. (Doc. 20) A review of the docket reflects that Bay Rock failed to comply with the Court's Order[1]. To date, no counsel has entered an appearance on behalf of Bay Rock. In fact, at a recent status conference conducted on February 12, 2009, no one

---

[1] While Bay Rock filed a Notice on October 27, 2008 (Doc. 24), indicating that the corporation was ceasing operations, that did not relieve the corporation of its legal obligations in this case. Further, there is nothing in the record which suggests that Bay Rock has filed for bankruptcy.

appeared on behalf of Bay Rock.

It is well established that courts have the inherent power to punish disobedience of their orders by appropriate measures, including the entry of default. See Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006); Knight v. SCA Business Center, Inc., 2007 U.S. Dist. LEXIS 50412 (N.D. Ga. July 11, 2007).  In this case, Defendant Bay Rock failed to comply with the Court's directive to secure counsel and failed to appear for the conference conducted on February 12, 2009.  At this juncture, it is quite apparent that no action, short of the entry of a default, will suffice. Accordingly, the undersigned RECOMMENDS that a default be entered against Defendant Bay Rock Mortgage.

The undersigned likewise  RECOMMENDS that a default be entered against Defendant Pleska & Douglas, LLC.  As noted supra, the undersigned conducted a status conference in this action on February 12, 2009. Kenneth J. Riemer appeared at the conference as counsel for Plaintiffs Frederick Joiner and Eleanor Joiner. No one appeared at the conference on behalf of Defendant Bay Rock Mortgage Corporation or Defendant Pleska & Douglas, LLC.  Counsel for Plaintiff represented that Mr. Douglas, who has entered an appearance on behalf of Pleska & Douglas, participated in an initial telephone discussion regarding the parties' Rule 26 report; however, numerous recent attempts to reach Mr. Douglas have been unsuccessful.  In an Order dated February 17, 2009 (Doc. 32), the

Court observed that the docket reflects that Notice of the February 12th conference was forwarded to Mr. Douglas, via email, at his email address of record; however, Mr. Douglas failed to appear for the conference and further failed to offer any explanation for his absence.  As a result, Mr. Douglas was directed to show cause, by **February 25, 2009**, why sanctions should not be imposed.  To date, Mr. Douglas has failed to respond to the Court's Order.  Upon consideration, it is clear that no sanction, short of the entry of a default, will suffice under the circumstances.  Accordingly, the undersigned RECOMMENDS that a default be entered against Defendant Pleska & Douglas.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

DONE this **5th** day of **March, 2009**.

                                            **/s/SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                              **/s/SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**