IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK JOINER and ELEANOR JOINER,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 08-0429-GB-B ) |
| **BAYROCK MORTGAGE CORP., et al.,** | ) ) |
| Defendants. | ) ) ) |

## ORDER

This matter is before the court on the plaintiffs' application for award of costs and attorneys' fees. (Doc. 39). After a review of the plaintiffs' motion and the file in general, the court finds that the requested costs are reasonable. Therefore, the plaintiffs' application for costs and fees is GRANTED, and the plaintiff will be awarded a total of $14,400.00 for attorneys' fees and $437.21 for costs.

On April 7, 2009, this court entered a default judgment in favor of the plaintiffs on their claims that Bayrock Mortgage Corp. ("Bayrock") violated the Truth-in-Lending-Act ("TILA"), 15 U.S.C. § 1601 et seq, and that Bayrock, 1st Continental Mortgage, Inc. ("Continental"), and Pleska & Douglas, LLC ("Pleska") violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Doc. 37). Civil damages were awarded jointly and severally in the amount of $42,412.50 against Bayrock and Continental for the RESPA claims, and statutory damages were awarded in the amount of $4,000 against Bayrock for the TILA claim and $4,735.50 against Pleska for RESPA violations. This court also awarded attorneys'

fees and costs pursuant to 15 U.S.C. § 1640(a)(3) and 12 U.S.C. § 2607(d)(5) which provide respectively for the recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court" and also for the retrieval of "the court costs of the action together with reasonable attorneys' fees."

In Hensley v. Eckerhart, the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The applicant bears the burden of establishing entitlement and documenting the reasonable hours expended and reasonable hourly rates. 461 U.S. 424, 433 (1983); see also Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). However, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing Davis v. Bd. of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).

The plaintiffs filed a motion for an award of costs and attorneys' fees on April 20, 2009. (Doc. 39). On May 20, 2009, the plaintiffs submitted an affidavit by Max Cassady, a licensed attorney, who stated a rate of $300.00 per hour was reasonable in these types of statutory federal actions, and also submitted two time sheets for Kenneth Riemer and Earl P. Underwood, Jr., who incurred 11.5 hours of time and 39.13 hours of time respectively in connection with this case.[1]

---

[1] In their motion for an award of costs and attorneys' fees, the plaintiffs asserted Mr. Underwood incurred 36.5 hours of time in connection with this case. (Doc. 39). However, in the later submitted itemized time sheet, the total hours connected with this case was 39.13. (Doc. 43).

This court concludes that a rate of $300.00 per hour is appropriate.

A district court should exclude from the fee calculation hours that were not "reasonably expended." In other words, a plaintiff cannot recover fees related to "excessive, redundant, or otherwise unnecessary" hours that his lawyers worked. Hensley, 461 U.S. at 434. "Redundant hours generally occur where more than one attorney represents a client." Norman, 836 F.2d at 1301-1302. The plaintiffs are requesting an award of attorneys fees for two attorneys. Although "[t]here is nothing inherently unreasonable about a client having multiple attorneys", (Id. at 1302), the hours of multiple attorneys are only recoverable if the fee applicant "satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." Am. Civil Liberties Union of Ga., 168 F.3d at 432; see Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). The court finds that the plaintiffs have met this burden. As a result, the court finds that the fees requested are reasonable.

## CONCLUSION

For the above stated reasons, plaintiffs' motion to retax costs and fees is **GRANTED** to the extent that plaintiffs are awarded **a total of $14,400.00 for attorney's fees and $437.21 for costs**.

**DONE and ORDERED** this 25th day of March, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE